UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                 Case No. 18-cr-208

JOHN MILLER RAGLAND,

        Defendant.

---

**DEFENDANT'S MOTION FOR NON-GUIDELINE SENTENCE**

---

"He who wants to keep his garden tidy doesn't reserve a plot for weeds."
- Dag Hammarskjold

John Ragland reserved in his otherwise strikingly tidy life, a plot for weeds. For a series of years he did not report much of his substantial income. At the very start of his criminal conduct, he unreasonably accepted without question advice from one (unidentifiable) HSBC employee when that employee told him that money put in HSBC offshore annuity accounts was not reportable until the money was withdrawn. His conduct was blatant when he did not report or answered inaccurately direct questions on his tax returns related to the existence of offshore accounts and when he withdrew money from the offshore accounts and did not report the money as income. John Ragland's crime was very serious.

During the relevant time-frame, John was traveling away from home for his work, overseas to China, for weeks at a time. The business culture there was different than what he experienced in

1

the United States; it was faster and looser, very cash-based and, often, bribe-based. In the absence of making additional cash payments demanded by some contractors and others upon whom his business relied, John's business could suffer delays or other problems that could be debilitating. So he paid the additional (unofficial and unreported) expenses although such payments were not fair. Perhaps such a climate, which tends to normalize cheating, softened and tempted John to cut corners. He cheated on his taxes.

John was investigated and questioned. After initially denying he had offshore income and accounts, he admitted his lie moments later when he was confronted with it. He pled guilty to the felony of filing a fraudulent or false tax return and accepted responsibility for the relevant conduct. He has paid back more than $1,400,000.00 in tax loss plus interest - - all but about $900.00 of the interest owed. (He will pay the balance before sentencing.)

The advisory guideline imprisonment range is 30-37 months. However, under Title 18, U.S.C. § 3553(a), the Court is to impose a sentence that is sufficient but not greater than necessary to comply with the purposes set forth in subsection (a)(2) of that statute. A non-guideline, non-custodial sentence of probation is such a sentence.

Tax loss is *the* factor that drives a person's guideline range in tax cases. In this case, that loss has been wholly remedied; significant, full restitution, including interest, has already been made. See, *United States v. Forchette*, 220 F. Supp. 2d 914, 925 (E.D. Wis. 2002)(recognizing even under the former mandatory guidelines, "the defendant's efforts at remedying the wrong, as where he . . . made extraordinary restitution, may justify a downward departure."); *United States v. Grasser*, 312 F. 3d 336, 340 (7th Cir. 2002)(recognizing the possibility for a downward departure from the then-mandatory guideline range "when the circumstances surrounding the payment of restitution

2

demonstrate a degree of acceptance of responsibility that is truly extraordinary and substantially in excess of that which is ordinarily present.") Now the 18 U.S.C. § 3553 factors should be assessed and not unduly overshadowed by the one factor of loss amount.

John Ragland's life history and his character as described by those who really know him establish that he is a very good, hard-working man who is devoted to his family and his community. During the first eight years of his still-strong marriage, when his own four children were in grade-school, John taught science and coached at Bangor High School. At the same time, he worked on his Masters degree in Physics and earned a 3.9 GPA. Then, over the course of his career, he worked a series of jobs as an engineer, engineering manager, project manager, and eventually opened his own consulting businesses. His employment history is outstanding.

As reflected in the letters from his now-grown children and his wife, throughout all the years of his own schooling and his long career of hard work, John was an extremely attentive, present, involved, encouraging, loving, exemplary father and husband. His children credit him for much of their own stability and success and that of their own now-grown children. He was an enthusiastic playmate, sometimes-caretaker, mentor, and fan to their children - - his grandchildren - - when they were young. As reflected in the letters from his grandchildren, John continues to be an encouraging, loving, and involved role model and friend to them.

As discussed throughout the letters submitted on John's behalf, the whole family continues to rely on his emotional and practical support on a regular basis. In times of especially dire acute physical health crises or, in the case of one of his children, during chronic mental health crises, John has been the one they all turn to for assistance.

3

Case 2:18-cr-00208-LA    Filed 12/17/19    Page 3 of 6    Document 35

Now 72 years old, John spends his days helping, most directly and regularly, his in-laws (by helping his wife and in-laws care for his mother-in-law suffering with Alzheimers who recognizes less than a handful of people, among whom is John); his wife (whose physical ailments prevent her from doing most routine household chores, independent shopping, and all but the briefest, local driving); his community (through volunteering with Habitat for Humanity and the local food pantry); and his neighbors (through constant, significant handyman assistance). John uses his talents and strengths to help those around him.

A term of probation with a significant period of house arrest will protect the public and afford adequate deterrence. *See, United States v. Schrader*, 2013 WL 257208 at * 7 (E.D. Wis. 2013)(Recognizing a defendant's advanced age, coupled with lack of record and otherwise positive background rendered a probationary disposition sufficient to protect the public and deter).

John Ragland poses no danger to the public. In fact, he is an indispensable help in keeping safe and sound his elderly family members and he is a substantial help to those in his community of elderly neighbors. He is irreplaceable in his role assisting his wife - - especially since none of their children or grandchildren live anywhere near them. He will be especially needed in the near future when she undergoes knee replacement surgery and recovery. A probationary sentence with a significant period of house arrest (with release only for his and his wife's medical appointments) will promote the safety of the community.

As for general deterrence, the idea that imprisonment serves as a general deterrent at all is questionable. The Department of Justice's National Institute of Justice has concluded that "the *certainty* of being caught is a vastly more powerful deterrent than the *punishment*." National Institute of Justice, Five Things About Deterrence (May 2016), *available at*

https://ncjrs.gov/pdffiles1/nij/247350.pdf. (Emphasis added.) The Seventh Circuit has recognized that even if imprisonment in tax cases serves a measure of general deterrence, "that does not necessitate imprisonment in every case." *United States v. Warner,* 792 F.3d 847, 861 (7th Cir. 2015). (In *Warner*, the Court held that substantial restitution payments, coupled with other positive character traits including philanthropy, justified probation for a corporate executive facing a guideline range of 46-57 months.)

Just punishment, too, can be accomplished by sharply restricting John's freedom and by making significant claims on his otherwise free time. He can be placed on long-term house arrest with release only for his and his wife's medical appointments. Following such restriction, John can be ordered to perform significant community service and thereby benefit the public.

When coupled with John Ragland's otherwise exemplary background and the dependence his family – especially his wife – has on him, probation with house arrest and significant community service is sufficient but not greater than necessary to satisfy the objectives of sentencing.

Dated at Milwaukee, Wisconsin, this 17th day of December, 2019.

                                        Respectfully submitted:

                                        <u>*s / Kathleen M. Quinn (Of-Counsel*</u>**)**
                                        Zetley Law Offices, S.C.
                                        324 E. Wisconsin Avenue, Suite 1400
                                        Milwaukee, Wisconsin 53202
                                        Phone: 414-272-1424 Fax: 414-272-1435

***PACER information:***
Attorney Kathleen M. Quinn, LLC
324 E. Wisconsin Avenue, Suite 1410
Milwaukee, WI 53202
Phone: 414-765-2373 Fax: 414-272-1435
Email: quinnkathleen@4law.com